UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELEZA LYNN RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: 1:19 CV 00457 |
| | ) |
| OFFICER SWAGGER and QUALITY CORRECTIONAL CARE, LLC. | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case is before the Court on Defendant, Quality Correctional Care, LLC's ("QCC") Partial Motion to Dismiss [DE 7] pursuant to Fed.R.Civ.P. 12(B)(6). For the following reasons, the Motion is GRANTED as to Plaintiff's Eighth Amendment claim.

## APPLICABLE STANDARD

QCC has moved to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely

1

reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Mindful of these standards, the Court turns now to the allegations in the Complaint.

## FACTUAL ALLEGATIONS

On August 9, 2019, the Allen County Police Department arrested Plaintiff, Eleza Lynn Rodriguez ("Rodriguez"), for visiting a common nuisance and transported to the Allen County Jail ("the Jail") for booking. (Complaint, DE 4, at ¶s 6-7). While at the Jail, Rodriguez asserts that QCC violated her Eighth and Fourteenth Amendment rights by failing to provide her with proper medical care to treat her diabetic condition. (*Id.* at ¶19). Upon her release from the Jail, Plaintiff alleges that she sought medical attention for her diabetes and sustained injuries as a result of the lack of care by QCC. (*Id.* at ¶18). She then filed suit in Allen County State Court which the Defendants removed to this court on October 28, 2019.

## DISCUSSION

In its Motion, QCC asserts that as a pretrial detainee at the Jail, Rodriguez cannot bring a claim for an Eighth Amendment violation. Indeed, it is well-established that the Eighth Amendment applies to convicted persons, while the Fourteenth Amendment applies to pretrial detainees like Rodriguez. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Just last month, in another case involving QCC, this Court's colleagues in the Hammond division explained the Fourteenth Amendment analysis to be undertaken in a medical care case involving a pretrial detainee:

> [T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.' *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.' " *Id.* (quoting *Bell*, 441 U.S. at

538–39, 99 S.Ct. 1861). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.' " *Kingsley v. Hendrickson*, 576 U.S. ——, ——, 135 S. Ct. 2466, 2473, 192 L.Ed.2d 416 (2015) (quoting *Bell*, 441 U.S. at 561, 99 S.Ct. 1861). The Seventh Circuit has held that "medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda*, 900 F.3d at 352.

*Stewart v. Quality Corr. Care*, No. 4:19-CV-108-TLS-APR, 2019 WL 6173492, at *2 (N.D. Ind. Nov. 20, 2019), amended, No. 4:19-CV-108-TLS-APR, 2019 WL 7047311 (N.D. Ind. Dec. 20, 2019). Thus, it is clear that as a pretrial detainee, Rodriguez has no basis in law for an Eighth Amendment claim against QCC and she has not pled facts that would facially support such a claim.

Moreover, in her response, Rodriguez concedes that the Fourteenth Amendment provides the appropriate avenue for the relief she seeks. She writes, "Rodriguez concedes that it is the [F]ourteenth [A]mendment that is the proper avenue for relief." (DE 12 at p. 3). In light of both the state of the law as well as Rodriguez's concession, the Court GRANTS QCC's partial motion to dismiss Rodriguez's claim for relief under the Eighth Amendment.

## CONCLUSION

Based on the foregoing, QCC's Partial Motion to Dismiss [DE 7] is GRANTED. The Plaintiff's claim under the Eighth Amendment is hereby DISMISSED.

So ordered. This 28th day of January, 2020.

s/ William C. Lee<br>
United States District Court