UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ELEZA LYNN RODRIGUEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Cause No. 1:19-cv-00457-WCL-SLC |
| ) | |
| **OFFICER SWAGGER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

On August 5, 2020, the Court granted Defendant Quality Correctional Care, LLC's ("QCC") motion seeking to compel *pro se* Plaintiff to respond to its outstanding requests for production and interrogatories (ECF 36), and directed QCC to file an affidavit detailing its fee calculation (ECF 37). Accordingly, on August 18, 2020, QCC's counsel filed an affidavit and accompanying billing statements requesting $176.00 for 1.1 hours expended preparing the motion to compel. (ECF 38). For the following reasons, QCC's request for fees will be DENIED.

### A. Background

On August 24, 2020, Plaintiff filed a "Motion for Extension of Time and Appeal of Order Granted" (ECF 39), which the Court deemed a motion for reconsideration (ECF 40), explaining that she was delayed in responding to the discovery requests due to medical complications following her pregnancy and a delay in receiving medical records from her provider. On October 6, 2020,[1] following a telephonic hearing on Plaintiff's motion to reconsider, the Court

---

[1] The hearing was initially scheduled for September 10, 2020, but Plaintiff failed to appear. (ECF 40; ECF 41).

ordered QCC to resend its outstanding discovery requests to Plaintiff, ordered Plaintiff to respond to the discovery requests within 30 days, and set a follow-up status conference. (ECF 42). On November 9, 2020, Plaintiff filed her responses to the interrogatories and requests for production. (ECF 43; ECF 44).

On November 18, 2020,[2] the Court held the subsequent status conference where QCC asserted that Plaintiff's discovery responses were unresponsive. (ECF 49). Accordingly, the Court again ordered Plaintiff to respond to QCC's discovery requests by November 25, 2020. *Id.* Plaintiff subsequently filed additional discovery responses. (ECF 47; ECF 48). QCC has not filed any further motion attacking the sufficiency of Plaintiff's responses.

### B. Legal Standard

As the Court explained in its prior Order, Federal Rule of Civil Procedure 37 requires the Court to order the "party . . . whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (ECF 37 at 2-3 (second ellipses in original) (quoting Fed. R. Civ. P. 37(a)(5)(A)). The Court, though, will not order an award of expenses if "circumstances make an award of expenses unjust." *Id.* "The burden of persuasion is on the losing party to avoid assessment of expenses and fees, rather than on the winning party [to] obtain such an award." *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2008) (citation and internal quotation marks omitted).

---

[2] The Court initially set the status conference for November 13, 2020, but Plaintiff again failed to appear. (ECF 42; ECF 45). Plaintiff explained, however, that she had not received notice of the previously set hearing. (ECF 49).

*C. Discussion*

Here, special circumstances exist that would make an award of expenses unjust. As mentioned, Plaintiff is proceeding in this matter *pro se*. While "pro se litigants are not entitled to a general dispensation from the rules of procedure," *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994), courts have considered a litigant's *pro se* status in declining to award attorney expenses under Rule 37, *see, e.g., Perkins v. Wis. Laborers Health Fund*, No. 11-CV-846-JPS, 2011 WL 6400465, at *2 (E.D. Wis. Dec. 20, 2011). Also, Plaintiff failed to respond to Defendant's discovery requests due to, at least in part, her pregnancy and related medical issues. Further, despite her apparent technical difficulties, Plaintiff has, since the Court's prior Opinion and Order (ECF 37), seemingly made a good faith effort to comply with QCC's discovery requests. Accordingly, an award of expenses in this instance is not warranted.

Plaintiff is, however, forewarned that she must continue to meet her ongoing discovery obligations pursuant to the Federal Rule of Civil Procedure. *See Lopez v. St. Johns Cmtys. Inc.*, No. 08-CV-123, 2009 WL 159257, at *1 (E.D. Wis. Jan. 22, 2009) ("While the court recognizes that a *pro se* litigant's pleadings are to be liberally construed, *pro se* litigants remain bound by the same Federal Rules of Civil Procedure as any other litigant."). Accordingly, Plaintiff has a duty to fully respond to discovery requests to the best of her ability within the deadlines imposed by the Court or the Federal Rules. *See Cross v. City of Chi*, No. 91 C 1891, 1992 WL 51010, at *2 (N.D. Ill. Mar. 4, 1992) ("As the Seventh Circuit has recognized, [Rule 37] 'makes it explicit that a party properly served has an absolute duty to respond.'" (quoting *Charter House Ins. Brokers v. New Hampshire Ins. Co.,* 667 F.2d 600, 604 (7th Cir. 1981))).

*D.  Conclusion*

In summary, QCC's request for expenses raised in its motion to compel (ECF 36)—and detailed in QCC's counsel's affidavit (ECF 38)—is DENIED.  Plaintiff is, however, REMINDED of her ongoing duty to abide by the Federal Rules of Civil Procedure and cooperate in discovery.

SO ORDERED.

Entered this 5th day of February 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge