## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **ELEZA LYNN RODRIGUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:19-cv-00457-WCL-SLC** |
| | ) | |
| **OFFICER SWAGGER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court is a "Motion for Extension of Time and Motion [for] Leave to Amend," filed by *pro se* Plaintiff on March 1, 2021, seeking an extension of time and leave to file an amended complaint adding the Allen County Jail as a defendant. (ECF 52). Defendant Officer Swagger and Defendant Quality Correctional Care ("QCC") filed responses on March 8, 2021, and March 9, 2021, respectively, opposing the motion. (ECF 53, 54). Plaintiff has not filed a reply, and her time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B). Accordingly, the matter is ripe for adjudication. For the following reasons, Plaintiff's motion (ECF 52) will be DENIED.

### A. Background

By way of background, the deadline for Plaintiff to seek the Court's leave to amend her pleadings was March 16, 2020. (ECF 25). The primary issue before the Court, though, arises from discovery issues. More specifically, on July 9, 2020, Defendant QCC filed a motion (ECF 36) seeking to compel Plaintiff to respond to its interrogatories (ECF 29) and requests for production (ECF 30), which the Court granted (ECF 37). After Plaintiff filed a motion for

reconsideration[1] (ECF 39), the Court conducted a telephonic hearing where it directed QCC to re-send Plaintiff its discovery requests and ordered Plaintiff to respond within thirty days of receipt thereof (ECF 42).  Plaintiff subsequently filed her responses—though many of her responses to the interrogatories and requests for production were left blank and no responsive documents were submitted.  (ECF 43, 44).

In light of Plaintiff's responses, the Court conducted another telephonic status conference where it ordered Plaintiff to fully respond to QCC's discovery requests by November 25, 2020. (ECF 49).  Accordingly, on November 19, 2020, Plaintiff filed supplemental discovery responses.  (ECF 47, 48).  Relevant to the present motion, Plaintiff responded to many of the requests for production by stating that she was still waiting on receiving documents from QCC and the Allen County Jail.  (*See, e.g.*, ECF 48 at 5 ("Again, Plaintiff has asked for such via discovery, but again has yet to receive such from [the Allen County Jail] or QCC.")).

On December 3, 2020, QCC's counsel sent a letter to Plaintiff informing her that QCC still considered Plaintiff's responses deficient and that she did not need to wait to receive additional documents to properly respond—noting for example that its requests were limited to documents in Plaintiff's possession.  (ECF 54-2).  After Plaintiff failed to respond to the letter, QCC's counsel sent a follow-up letter on February 5, 2020, again explaining that it considered Plaintiff's responses deficient.  (ECF 54-3).

In her present motion, Plaintiff seeks to amend her complaint "in order to add the Allen County Jail . . . in order to better fulfill the reasonable discovery request made by Defendant . . . ."  (ECF 52).  Defendant Officer Swagger opposes the motion on the grounds that he has already

---

[1] While Plaintiff entitled the motion as a "Motion for Extension of Time and Appeal of Order Granted," the Court interpreted it as a motion for reconsideration.  (ECF 40).

provided many of the documents Plaintiff seeks in response to her discovery request to him.

(ECF 53 ¶ 4; *see also* ECF 52).  Defendant QCC similarly contends that it is unnecessary to add

the Allen County Jail as a defendant.  (ECF 54).

*B.  Legal Standards*

Pursuant to Federal Rule of Civil Procedure 16, the Court must issue a scheduling order

limiting the time "to join other parties, amend the pleadings, complete discovery, and file

motions."  Fed. R. Civ. P. 16(b)(3)(A).  When a motion to amend is filed after the Rule 16

deadline to do so has passed, the Court is "entitled to apply the heightened good-cause standard

of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied."

*Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (quoting *Alioto v. Town of

Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)).  "Rule 16(b)'s 'good cause' standard primarily

considers the diligence of the party seeking amendment."  *Trustmark Ins. Co. v. Gen. & Cologne

Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted) (upholding a denial of a

motion for leave to amend nine months after the deadline to amend had passed).

Pursuant to Federal Rule of Civil Procedure 15, when a party can no longer amend the

pleadings as a matter of right, a party must seek the Court's leave or the written consent of the

opposing party.  While "[t]he [C]ourt should freely give leave when justice so requires," Fed. R.

Civ. P. 15(a)(2), "the decision as to whether to grant a motion to amend a complaint is entrusted

to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir.

1978) (collecting cases).  Further, leave to amend is "inappropriate where there is undue delay,

bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)).

"Moreover, when one party seeks to add additional parties, 'the amendment will not be permitted simply because the requirements of Rule 15 have been met.  In addition, the applicable joinder rules must be satisfied." *Elite Enters., Inc. v. ASC, Inc.*, No. 1:04-CV-94, 2005 WL 3050279, at *2 (N.D. Ind. Nov. 15, 2005) (citing Steven Baicker-McKee *et al.*, *Federal Civil Rules Handbook* 416 (2005)).  "Under Rule 20(a)(2), defendants may be joined in a single action if two requirements are satisfied: (1) the claims against them must be asserted 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and (2) there must be a 'question of law or fact common to all defendants.'" *Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (quoting Fed. R. Civ. P. 20(a)(2)(A)-(B)).

### C.  Analysis

As an initial matter, Plaintiff failed to include a proposed amended complaint as an attachment, in violation of Local Rule 15-1(a).  But even if she had, Plaintiff's motion fails to establish "good cause" for a belated amendment.  While Plaintiff is proceeding *pro se*, seeking to add a defendant to obtain additional discovery over a year after discovery began and nearly a year after the deadline to amend pleadings has passed does not show "due diligence."  Further, Plaintiff does not identify in her motion what claims she hopes to assert against the Allen County Jail.  Because Plaintiff fails to give the Court notice of what her proposed claim would be— much less the Allen County Jail—any amended complaint, without more, would be futile.[2]  *See*

---

[2] In any event, "[t]he Allen County Jail is a building, not a person or policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983."  *Pinkston v. Gladieux*, No. 1:19-CV-358-WCL-SLC, 2020 WL 3451662, at *1

4

*Gen. Elec. Capital Corp. v. Lease Resolution. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation and internal quotation marks omitted)).  In a similar vein, while any potential claim against the Allen County Jail would have arisen out of the same transaction or occurrence giving rise to Plaintiff's current claims—her detention—Plaintiff fails to identify a shared question of law or fact between Defendants and the Allen County Jail pursuant to Federal Rule 20(a)(2).

More practically, though, Plaintiff does not need to amend her complaint to respond to Defendant QCC's discovery request.  Defendant Officer Swagger asserts, and Plaintiff has not contested, that he has already provided Plaintiff the documents she would seek from the Allen County Jail.  Further, Plaintiff does not need to add the Allen County Jail as a defendant simply to receive discovery—she could always serve a *subpoena duces tecum* pursuant to Federal Rule of Civil Procedure 45.  *See Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002) ("The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules.").

Finally, Plaintiff seems to misunderstand what is required of her under the Federal Rules. A request for production pursuant to Rule 34 is limited to documents, electronically stored information, and tangible things in a "party's possession, custody, or control . . . ."  Fed. R. Civ. P. 34(a).  While actual possession of the documents is not required, *see Bowman v. Consol. Rail Corp.*, 110 F.R.D. 525, 526 (N.D. Ind. 1986), Rule 34 does not require Plaintiff to track down materials outside of her control that she does not have a legal right to obtain, *see Burton Mech.*

---

(N.D. Ind. June 24, 2020) (citing *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011)).

*Contractors, Inc. v. Forman*, 148 F.R.D. 230, 236 (S.D. Ind. 1992).  Similarly, Plaintiff need not produce documents to respond to Defendant QCC's interrogatories pursuant to Federal Rule of Civil Procedure 33.  In fact, Rule 33(b)(3) provides that each interrogatory must be "answered separately and fully *in writing* under oath." (emphasis added).  Plaintiff is reminded, however, that in the event she obtains additional responsive material and information, she has an ongoing duty to supplement her discovery responses.  Fed. R. Civ. P. 26(e)(1) ("A party who . . . has responded to an interrogatory, [or] request for production . . . must supplement or correct [her] . . . response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .").

### D.  Conclusion

In summary, Plaintiff's motion (ECF 52) fails to comply with Local Rule 15-1(a), to establish good cause pursuant to Federal Rule 16, or to identify a common question of law or fact pursuant to Federal Rule 20, and is likely futile under Rule 15.  Further, Plaintiff does not need to add the Allen County Jail as a defendant to seek discovery from it or to respond to Defendant QCC's discovery requests.  Accordingly, Plaintiff's motion (ECF 52) is DENIED.  Plaintiff is, however, REMINDED of her ongoing duty to supplement her discovery responses pursuant to Federal Rule 26(e).

SO ORDERED.

Entered this 19th day of April 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

6